IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| TAMESHIA L. HALL, | ) | Case No. 18-02747-TOM-13 |
| | ) | |
| Debtor. | ) | |

___

| | | |
|---|---|---|
| TAMESHIA L. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 18-00251-TOM |
| vs. | ) | |
| | ) | |
| REPUBLIC FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

___

\*\*\* NOT INTENDED FOR PUBLICATION \*\*\*

**MEMORANDUM OPINION AND ORDER**

This case came before the Court on January 7, 2019, for a pretrial conference on the Adversary Complaint[1] and Objection to Claim of Republic Finance, LLC filed by the Debtor, and a hearing on the Motion to Dismiss Plaintiff's Adversary Complaint (the "Motion") filed by the Defendant Republic Finance, LLC. Appearing before the Court were Wilson A. Webb, counsel for the Debtor; Jonathan Hoffman, counsel for the Republic Finance, LLC ("Republic"); and Mary Frances Fallaw, counsel for the Chapter 13 Trustee. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of

---

[1] In her Complaint the Plaintiff expressly consented to the entry by the Bankruptcy Court of a final judgment in this matter. Based on no written objections having been filed and no verbal objections having been voiced at any hearings by a representative of the Defendant or its counsel, they have implied their consent and thus will be deemed to have consented to entry by the Bankruptcy Court of any and all final orders and judgments in this matter

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District

the United States Code as defined in 28 U.S.C. § 157(b)(2)(B), (C).[3] This Court has considered the pleadings, arguments of counsel, and the law, and finds and concludes as follows:[4]

**FINDINGS OF FACTS[5]**

The Debtor filed her bankruptcy case on July 5, 2018 and Republic Finance filed its proof of claim in the amount of $855.35 on July 12, 2018. Attached to the proof of claim are, among other things, a Combination Promissory Note, Truth in Lending Disclosure Statement and Security Agreement ("Note and TILA Disclosure") dated March 30, 2017 and a UCC Financing Statement recorded in the Office of the Alabama Secretary of State on April 10, 2017 ("UCC Statement"). *See* Claim 2-1. According to the Note and TILA Disclosure, the Debtor borrowed $3,533.54 to be repaid with interest accruing at an annual percentage rate of 45.03%. The "Itemization of the Amount Financed" section of the Note and TILA Disclosure reflects that the amount financed included a charge of $24.75 for "Amounts Paid to Public Officials" for filing and termination fees. According to the recording information on the UCC Statement itself, $15.00 of the charge was attributed to "File" and the remaining $9.75 to "Access."

On November 13, 2018, the Debtor filed her adversary proceeding against Republic Finance as well as an objection to the proof of claim. The Debtor alleges in her Complaint that

---

Court for the Northern District of Alabama provides:
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(B) provides as follows:
> (b)(2) Core proceedings include, but are not limited to–
> . . .
>   (B) allowance or disallowance of claims against the estate or exemptions from property of the estate . . . ;
>   (C) counterclaims by the estate against persons filing claims against the estate[.]

[4] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

2

Republic Finance violated the Truth in Lending Act ("TILA") by impermissibly including the entire $24.75 in the "amount financed" section as "amounts paid to public officials" since "only $15.00 was the fee charged by the State for perfecting the Lien, while $9.75 was accepted by the State for payment to a non government 3rd party electronic filing service provider, for pass through of convenience and access fees . . . ." *See* AP Doc. 1.  In her Objection to Claim, the Debtor "objects and counterclaims via the separately filed Adversary Proceeding" and requests that the Court sustain the Objection, disallow the claim in its entirety, and award other relief as sought in the counterclaim.[6] *See* BK Doc. 35.  Republic Finance filed its Motion to Dismiss on December 13, 2018 and the Debtor responded with a Brief in Opposition to the Motion to Dismiss on January 4, 2019.  Republic Finance filed a Response to the Objection to Claim and Motion to Stay or, in the Alternative, to Consolidate on December 18, 2018.

## CONCLUSIONS OF LAW

Republic Finance contends that the adversary proceeding is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as the Debtor has failed to state a claim upon which relief may be granted.[7]

> In reviewing a complaint on a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and construes them in favor of the plaintiff. *Lopez v. First Union Nat. Bank of Fla.*, 139 F.3d 1186, 1189 (11th Cir. 1997).  A complaint is dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations omitted).  Thus, to survive the motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible when, from the face of the complaint, the facts alleged are "enough to raise a right to relief about the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

---

[6] The Debtor filed the original Objection to Claim then filed a Supplemental Objection to Claim the same day in order to add the adversary proceeding number.

[7] Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

*Yates v. Davis (In re Davis)*, Bankr. No. 13-31255-WRS, Adv. No. 13-3113-WRS, 2013 WL 6796657, at *1 (Dec. 23, 2013). Republic Finance argues in its Motion to Dismiss that the $9.75 fee in question was paid to a public official as required by Alabama law, and that the fee was properly disclosed as an "amount financed." *See* AP Doc. 3.

The Truth in Lending Act was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The Federal Reserve Board "formulated Regulation Z . . . which has the force and effect of law" in order to implement TILA. *Nussbaum v. Mortg. Serv. America Co.*, 913 F. Supp. 1548, 1553 (S.D. Fla. 1995). In a case examining the requirement that notice of the right to rescind a mortgage be disclosed in a "clear and conspicuous" manner, the Eleventh Circuit Court of Appeals noted that "the debates surrounding [a moratorium on certain class actions] indicate that Congress would not have us adopt a hypertechnical reading of any part of TILA." *Smith v. Highland Bank*, 108 F.3d 1325, 1326-27, 1327 n.4 (11th Cir. 1997).[8]

Section 1638(a)(2)(A) of TILA provides in relevant part that, except in an open-end credit plan, a creditor in a consumer credit transaction must disclose "the 'amount financed', using that term, which shall be the amount of credit of which the consumer has actual use." 15 U.S.C. § 1638(a)(2)(A). Section 226.4 of Regulation Z provides:

> (e) Certain security interest charges. If itemized and disclosed, the following charges may be excluded from the finance charge:
>   (1) Taxes and fees prescribed by law that actually are or will be paid to public officials for determining the existence of or for perfecting, releasing, or satisfying a security interest.

---

[8] Interestingly, the court quoted a statement by Representative Leach that "'[t]he problem is that an honest mistake of no consequence to any of the parties involved has become the subject of shark instincts of the plaintiff's bar.'" *Smith*, 108 F.3d at 1327 n.4 (quoting 141 Conf. Rec. H9513, H9514 (daily ed. Sept. 27, 1995) (statement of Rep. Leach)).

4

Case 18-00251-TOM    Doc 8    Filed 02/05/19    Entered 02/05/19 14:18:57    Desc Main
Document      Page 4 of 7

12 C.F.R. § 226.4(e)(1).

Pursuant to Alabama Code § 7-9A-525, a fee of $15 is charged to record a financing statement filed electronically. Ala. Code § 7-9A-525(a)(3). Other provisions of the Alabama Code affect the amount that may be charged for recording. According to Alabama Code § 7-9A-526, the Secretary of State of Alabama is authorized to adopt rules necessary for implementing Alabama's version of the Uniform Commercial Code. Ala. Code § 7-9A-526(a) and Official Comment 2. Such rules are found in the Administrative Code of the Office of the Secretary of State. Those rules allow UCC records to be filed electronically for the fee provided in Alabama Code section 7-9A-725 in addition to "an access fee of $9.75 per transaction in addition to any applicable contract provider convenience fee."[9] Ala. Admin. Code Ch. 820-4-3-.01(2)(d), (9), (13)(c)(1)-(2).

It has been noted that under section 226.4(e)(1) of Regulation Z, "[t]he only requirements of the regulations are that the tax is (1) prescribed by law; (2) paid to a public official; (3) for perfecting a security interest." *Pignato v. Great Western Bank*, 664 So. 2d 1011, 1015 (Fla. Dist. Ct. App. 1995) (citing 12 C.F.R. § 226.4(e)(1)) (determining that a Florida "intangible tax" was excluded from the finance charge because "without payment, the mortgage will not be recorded and the security interest will not be perfected."). *See also Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996). In *Frazier v. Accredited Home Lenders, Inc.*, the debtor argued that a recording fee was "neither bona fide nor reasonable," and thus improperly excluded from the finance charge, because it was $64 more than the actual cost of recording. 607 F. Supp. 2d 1254, 1260-61 (M.D. Ala. 2009). According to the court:

> Payments "which actually are or will be paid to public officials" may be excluded

---
[9] If the UCC had been filed by non-electronic means, the Debtor would have paid a $20 fee instead of a $15 fee. *See* Ala. Code § 7-9A-525(a)(1).

5

> from the finance charge. 15 U.S.C. § 1605(d)(1). Any overpayment must be treated as part of the finance charge. *See Payton v. New Century Mortg. Corp.*, 2003 WL 22349118, at *4 (N.D.Ill.2003) (Holderman, J.) (only actual recording fee paid to public official was properly excluded from finance charge). [The settlement company] paid a recording fee of $56 . . . and the good-faith estimate shows that [the debtor] was charged $120 for the same. . . . Accordingly, $64 of the recording fee was not bona fide and should be added to the finance charge.

*Id*. at 1261. *See also Midouin v. Downey Savs. and Loan Ass'n*, 834 F. Supp. 2d 95, 104 n.6 (E.D.N.Y. 2011); *Payton v. New Century Mort. Corp.*, Case Nos. 03 C 333, 03 C 703, 2003 WL 22349118, at *4 (N.D. Ill. Oct. 14, 2003).

According to the Debtor's Complaint, $9.75 of the $24.75 fee charged to the Debtor should not have been included in the "itemization of the amount financed" as an amount paid to a public official for a filing fee and instead should have been treated as a finance charge because the fee was ultimately paid to a "non government 3rd party electronic filing service provider . . . ." Neither *Frazier*, *Midouin*, nor *Payton* indicate that the excess portion of the fees were paid to the government then passed along to a third-party. This Court's research has not uncovered a case directly on point with the facts of this case, and neither the Debtor nor Republic Finance has brought such a case to this Court's attention. The $9.75 in question in this case was paid directly to the government. It is not a matter of Republic Finance having padded its fees for its own benefit. The Debtor does not allege that Republic Finance kept the fees, nor does she dispute that the State of Alabama required payment of $9.75 if the UCC Statement was transmitted for filing by electronic means.

The Debtor does, however, contend that Republic Finance did not have to file the UCC Statement by electronic means. While that may be true, the Debtor has offered nothing to indicate (1) that filing the UCC electronically was impermissible or unreasonable, and (2) that Republic Finance could not exclude from the finance charge a portion of the fee paid to a governmental

6

entity merely because of what the governmental entity subsequently does with the fee. If the State of Alabama required that UCC statements be filed electronically, there would be no question that the $9.75 portion of the fee ultimately paid to a third-party provider would be properly excluded from the finance charge because the State required the fee to be paid to the State in order for a creditor's security interest to be perfected. The analysis should be no different just because a traditional (and in this day and age, unusual, time-consuming, inefficient, and more cumbersome) paper filing is allegedly a cheaper option (by $4.75) that does not ultimately involve a third-party provider of services to the government. All three requirements of Regulation Z § 226.4(e)(1) have been met; thus, Republic Finance properly excluded the $9.75 in question from the finance charge.

The factual allegations made by the Debtor, taken as true and construed in favor of the Debtor, do not present a plausible claim for relief. There is no question that Republic Finance included in the "amount financed" a $9.75 that was ultimately paid by the State of Alabama to a third-party provider and that the amount was not included in the "finance charge." Alabama law provides that such fee must be paid if a UCC statement is to be filed by electronic means, and TILA provides that fees paid to public officials for perfecting a lien may be excluded from the "finance charge" so long as the fees are itemized and disclosed and prescribed by law. Because the Debtor fails to state a claim upon which relief may be granted, the Motion to Dismiss is due to be granted. Furthermore, because the Debtor objected to Republic Finance's claim on the same grounds as laid out in the Complaint, the Objection to Claim is due to be overruled.

It is hereby **ORDERED, ADJUDGED and DECREED** that the Motion to Dismiss is **GRANTED** and the Objection to Claim is **OVERRULED**.

Dated: February 5, 2019 /s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge